**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TELEMECHUS LOVE,

        Plaintiff,

v.                        Case No: 6:24-cv-1535-LHP

MASONITE DOOR FABRICATION
SERVICE, INC., MASONITE
CORPORATION and OWENS
CORNING,

        Defendants

---

**ORDER[1]**

Before the Court is Defendant Owen Corning's Unopposed Motion to Dismiss Plaintiff's Complaint, by which Owen Corning moves to dismiss the complaint against it with prejudice. Doc. No. 11. Although the motion states that Plaintiff does not oppose dismissal, but does oppose dismissal with prejudice, Plaintiff did not respond to the motion and his time for doing so has expired. *See* Local Rule 3.01(c). Accordingly, the Court deems the motion to be unopposed in all respects. *See id.* Upon consideration, therefore, the motion to dismiss (Doc.

---

[1] The case has been reassigned to the undersigned based on the parties' consent as set forth in their Case Management Report. Doc. No. 13; *see* Doc. No. 12.

No. 11) is **GRANTED as unopposed**, and the claims against Owens Corning are **DISMISSED with prejudice**.

Also before the Court is Plaintiff's response to an Order to Show Cause as to whether this case was properly filed in the Orlando division of the Middle District of Florida. Doc. No. 17. Pursuant to Local Rule 1.04(b), "[a] party must begin an action in the division to which the action is most directly connected or in which the action is most conveniently advanced."

Upon assignment of this case, the Court questioned whether the Orlando division is appropriate because the complaint states only that Plaintiff resides in Florida (no city specified), that Plaintiff was employed at a manufacturing plant/facility in Yulee, Florida, that Defendant Masonite Door Fabrication Service, Inc. is located in Yulee, Florida, that Defendant Masonite Corporation is headquartered in Tampa, Florida, and that Defendant Owens Corning Corporation is a citizen of Ohio. Doc. No. 4 ¶¶ 9–13. Accordingly, consistent with Local Rule 1.04(b), the Court issued an Order to Show Cause directing Plaintiff to show cause why the case should not be transferred to either the Jacksonville or Tampa division of the Middle District of Florida. Doc. No. 15.

In response, Plaintiff says that the Orlando and Tampa divisions are the most convenient places for this litigation. As to Orlando, Plaintiff provides no definitive connection, however, stating only that he "has pressing medical issues that may

require enhanced Veterans Affairs medical services/treatments that are in the Orlando and Tampa metropolitan areas." Doc. No. 17, at 2. Plaintiff further states that although he resides in Duval County, Florida, "he travels and he anticipates relocating his family to the Tampa, Florida or Orlando Florida area" at some unknown time. *Id.* As to Tampa, on the other hand, Plaintiff reiterates that Defendant Masonite Corporation is headquartered in Tampa, Florida, its counsel is in Tampa, and Plaintiff's own counsel operates in Tampa and Orlando. *Id.* at 3.

The Court then directed a response from Defendants. Doc. No. 21. Defendant Masonite Corporation [2] agrees that the Tampa division is the appropriate division for this case, given that it is located in Tampa, the evidence will accordingly be located in Tampa, and its counsel is also located in Tampa. Doc. No. 24.

Upon consideration, given that Plaintiff has established no real connection with the Orlando division, and the parties' agreement that the case could have been properly brought in the Tampa division, Doc. Nos. 17, 24, pursuant to Local Rule

---

[2] Defendant Masonite Door Fabrication Service, Inc. has not appeared in this case, nor does the docket reflect that the entity has been served. The docket also reflects that this Defendant may have been improperly named. Doc. No. 10, at 1 n.1. And as to Owens Corning, as discussed above, Owens Corning will be dismissed from the case prior to transfer. Thus, the Court is considering the response from Defendant Masonite Corporation alone. Doc. No. 24.

- 3 -

1.04(b), it is **ORDERED** that the Clerk of Court is **DIRECTED** to transfer this action to the Tampa Division of the Middle District of Florida. *See* Local Rule 1.04(b) ("[T]he judge must transfer to the action to the division most consistent with the purpose of this rule.").

**DONE** and **ORDERED** in Orlando, Florida on February 25, 2025.

*Leslie Hoffman Price*

**LESLIE HOFFMAN PRICE**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties